```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
              v.                             :    ORDER
                                             :    20-CR-236 (WFK)
RIK WASHINGTON,                              :
                                             :
                    Defendant.               :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 26, 2021, Rik Washington ("Defendant") pleaded guilty to the sole count of an Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to twenty-seven months of imprisonment, two years of supervised release with special conditions, and a mandatory special assessment of $100.00.

## BACKGROUND

On July 2, 2020, the Government filed a single-count Indictment charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment, ECF No. 1. Specifically, the Indictment alleges Defendant, knowing he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, knowingly and intentionally possessed a Ruger .45 caliber pistol bearing serial number 663-78217. *Id.* The Indictment also contains a criminal forfeiture allegation. *Id.*

On July 26, 2021, Defendant pleaded guilty to the sole count of the Indictment. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.      Legal Standard**

1

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, No. 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The History and Characteristics of the Defendant and the Nature and Circumstances of the Offense

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1. Family and Personal Background

Defendant was born on February 27, 1985 in Brooklyn, New York to Richard Washington and Brevinna Peay. *See* Presentence Investigation Report ("PSR") ¶ 36, ECF No. 42. Defendant's mother is aware of his conviction and remains supportive of him, describing

2

him as having a good personality and being an active and emotionally involved father to his children. *Id.* ¶¶ 36–37. Defendant has no relationship with his father. *Id.* ¶ 36. Defendant has three maternal half-siblings, with whom he has a good relationship. *Id.* ¶ 39. He reported an overall happy childhood, where his basic needs were met. *Id.*

Defendant has four children. *Id.* ¶¶ 40–42. His first three children live with their respective mothers, Kellyann Villafana and Jasmine Wilson, who each reported Defendant is in weekly contact with his children and provides financial assistance when he is able. *Id.* Defendant shares his fourth child with his current partner, Suanira Morel, who is a teacher at a charter school. *Id.* ¶ 42. Ms. Morel remains supportive of Defendant. *Id.*

2. Educational and Employment History

Defendant received his High School Equivalency diploma while incarcerated at the Federal Correctional Institute in Cumberland, Maryland, in 2012. PSR ¶ 53. Defendant completed the ninth grade at Trenton High School in Trenton, New Jersey in approximately 2003, but left school during the tenth grade. *Id.*

Since 2020, Defendant has been employed with the painter's union, DC 9, and was last placed on a job site in September 2021. *Id.* ¶ 56. From 2017 to 2019, Defendant worked occasionally as a painter and helper for a friend. *Id.* ¶ 58. From approximately 2015 to 2017, Defendant was employed as a maintenance worker with the Bushwick Economic Council. *Id.* ¶ 58. From 2014 to 2015, Defendant was employed as a cleaner and maintenance worker for Kings County Supreme Court in Brooklyn. *Id.* ¶ 59. Prior to 2013, Defendant was employed at different points as a street vendor, warehouse worker, general laborer, and fast-food worker. *Id.* ¶ 60.

3. Prior Convictions

Defendant has five prior convictions. PSR ¶¶ 25–28. On September 17, 2007, Defendant was sentenced in Kings County Supreme Court in Brooklyn, New York, to one year in custody for Criminal Possession of a Loaded Firearm in the third degree, following an incident in which Defendant fired a Smith and Wesson .357 Magnum revolver at a victim five times, striking the victim in the foot. *Id.* ¶ 24. On June 30, 2009, Defendant was sentenced in Kings County Supreme Court in Brooklyn, New York to one year in custody for Criminal Possession of a Controlled Substance in the seventh degree, following an arrest in which he was found in possession of thirty-six bags of crack cocaine. *Id.* ¶ 25. On November 2, 2009, Defendant was sentenced in Kings County Criminal Court in Brooklyn, New York to six months in custody for Criminal Possession of a Weapon in the fourth degree, after he was found in possession of an electric stun gun. *Id.* ¶ 26. On March 23, 2011, Defendant was sentenced before Judge John Gleeson in the United States District Court for the Eastern District of New York to sixty months in custody followed by four years of supervised release for Distribution and Possession with Intent to Distribute 5 grams or more of Cocaine Base. *Id.* ¶ 27. On October 17, 2012, Defendant was resentenced pursuant to the Fair Sentencing Act to time served, followed by four years of supervised release. *Id.* Finally, Defendant was sentenced on July 1, 2014 in New York County Criminal Court in New York, New York, to one year of conditional discharge and a $250.00 fine for failing to register with the Gun Monitoring Unit within the specified time range, in violation of the Gun Offender Registration Act. *Id.* ¶ 28.

    4.  <u>Medical and Mental Health</u>

Defendant suffers from a bulging back disk related to a fall he suffered while incarcerated at Riker's Island Correctional Facility in August of 2009. PSR ¶ 45. During the course of events

4

giving rise to the instant offense, Defendant was grazed with a bullet, but was hospitalized and released. *Id.*

Defendant also has a history of depression, which was diagnosed in the fifth grade while he was a student at P.S. 305 in Brooklyn. *Id.* ¶ 46. Defendant reported two prior suicide attempts, but states he does not experience current or recent suicidal ideation. *Id.* ¶ 47. He is not currently prescribed any psychotropic medication but has had such prescriptions in the past. *Id.* ¶ 48. Defendant has weekly mental health counseling video appointments through Pretrial Services. *Id.*

### 5. Substance Abuse

Defendant reported an extensive history of substance abuse. *Id.* ¶ 49. He reported first trying marijuana at the age of 15, and last used the drug prior his arrest. *Id.* Defendant has a medical marijuana card issued by the New York State Department of Health. *Id.* ¶ 52. Defendant also first used PCP at the age of 21, and last used the drug in the days before his arrest. *Id.* ¶ 49. He first used MDMA at the age of 21 and estimated using it for the last time in 2009. *Id.*

Defendant reported first drinking alcohol at the age of 14, and last consumed it in the days before his arrest. *Id.* ¶ 50. He reported his alcohol consumption increased at the age of 18, after which time he was drinking an entire bottle of hard liquor daily. *Id.* Defendant described his alcohol abuse as the most problematic of the substances used, as it increased his temper. *Id.*

Defendant attended residential drug treatment while incarcerated and attended substance abuse treatment while on supervised release, and he is currently in outpatient treatment at Bridge Back to Life through Pretrial Services. *Id.* ¶ 51.

### 6. Nature and Circumstances of the Offense

On May 24, 2020, New York City Police Department ("NYPD") officers received a radio call regarding a physical altercation on Gates Avenue between Nostrand Avenue and Bedford Avenue in Brooklyn, New York. PSR ¶ 6. Officers approached a group of people on the sidewalk when arriving at that location. *Id.* Defendant fled on foot and was chased by a police officer. *Id.* During the chase, the officer noticed a firearm protruding from Defendant's waistband. *Id.* The officer followed Defendant into a residential building at 390 Nostrand Avenue. *Id.* While running through the lobby of the building, Defendant tripped, was apprehended, and the firearm was recovered from his waistband. *Id.* While fleeing, Defendant's gun discharged and the bullet grazed his leg. *Id.*

Defendant was previously sentenced before Judge Gleeson in the Eastern District of New York on March 23, 2011 to sixty months in custody and four years of supervised release for Distribution and Possession with Intent to Distribute Cocaine Base, a felony punishable by more than one year in prison. *Id.* ¶ 5. In 2012, Defendant's sentence was amended to time served pursuant to the Fair Sentencing Act. Def. Mem. at 3, ECF No. 49.

B. **The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, which involved a dangerous firearm. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his offense.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). For this offense, Defendant faces a maximum term of imprisonment of ten years. Defendant also faces a maximum term of supervised release of three years pursuant to 18 U.S.C. § 3583(b)(2).

A term of not less than one nor more than five years of probation is also available, because the instance offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). If probation is imposed, a fine, restitution, or community service must also be imposed as a condition of probation unless the Court finds that extraordinary circumstances exist that would make such a condition plainly unreasonable. 18 U.S.C. § 3563(a)(2).

Defendant also faces a maximum fine of $250,000.00 under 18 U.S.C. § 3571(b), as well as forfeiture of the seized firearm and ammunition in accordance with his plea agreement as well as with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable guideline for 18 U.S.C. § 922(g) offenses is USSG § 2K2.1. For offenses following a felony conviction for a crime of violence or a controlled substance offense, this section provides a base offense level of 20. USSG § 2K2.1(a)(4)(A). This base offense level is applicable because Defendant has a prior conviction for Possession with Intent to Distribute Cocaine Base.

As Defendant has clearly demonstrated acceptance of responsibility for his offense, a 2-level reduction is warranted pursuant to USSG § 3E1.1(a). Because Defendant timely notified the Government of his intent to plead guilty, an additional 1-level reduction is warranted pursuant to USSG § 3E1.1(b). Accordingly, Defendant's total offense level is 17.

Defendant's prior convictions result in a criminal history score of three. A criminal history score of three establishes a criminal history category of II. For an offense level of 17 and a criminal history category of II, the Sentencing Guidelines suggest a term of 27 to 33 months of incarceration. *See* USSG Ch. 5, Pt. A.

Probation recommends a sentence of 27 months of incarceration followed by two years of supervised release with special conditions, citing to Defendant's compliance while released on bail. Probation Sentencing Recommendation at 2, ECF No. 42-1. The Government recommends a sentence within the Guidelines, citing to Defendant's prior convictions as well as the seriousness of possessing a loaded firearm at a public party and fleeing from a police officer with the firearm in his waistband. Gov't Mem. at 2–3, ECF No. 50. The Government also notes the Defendant possessed a "gravity knife" and 42 vials of a substance containing cocaine at the time of his arrest. *Id.* Defense counsel asks the Court to impose a supervisory sentence, or in the alternative, to impose a sentence that is a substantial downward variance from the Guidelines range. Def. Mem. at 5–6. The Defense emphasizes Defendant possessed the gun in question for

8

defensive purposes, was not seeking to cause harm, and has no desire to be anywhere near a gun in the future. *Id.* The Defense further notes Defendant has been compliant while on federal supervision and has been a strong and reliable source of support for his children, family, and loved ones. *Id.*

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), does not apply here.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). This factor does not apply here.

## CONCLUSION

The Court finds that a sentence of twenty-seven months of imprisonment to be followed by two years of supervised release with special conditions is appropriate. The Court also imposes the $100.00 mandatory special assessment, but does not impose a fine because the Defendant does not have the ability to pay. This sentence is consistent with and is sufficient but

9

not greater than necessary to accomplish the purposes of § 3553. The Court also expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein and to the extent they are not inconsistent with the Court's sentence.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2022
       Brooklyn, New York